**Iulia FUNIERU, Petitioner,**

v.

**Eric H. HOLDER, Jr., Attorney General, Respondent.**

No. 08–70094.

United States Court of Appeals, Ninth Circuit.

Submitted May 12, 2009.*

Filed May 14, 2009.

Louis A. Gordon, Esq., Law Offices of Louis A. Gordon, Los Angeles, CA, for Petitioner.

___

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

District Counsel, Office of the District Counsel, Department of Homeland Security, Honolulu, HI, Ronald E. LeFevre, Chief Counsel, Office of the District Counsel, Department of Homeland Security, San Francisco, CA, OIL, U.S. Department of Justice, Civil Div./Office of Immigration Lit., Washington, DC, for Respondent.

Before: KOZINSKI, Chief Judge, BYBEE and CALLAHAN, Circuit Judges.

MEMORANDUM [\*\*]

Because petitioner was able to freely leave Romania, and her mother continues to reside there without incident, substantial evidence supports the BIA's determination that petitioner failed to establish eligibility for relief under the Convention Against Torture. *See* 8 C.F.R. § 208.16(c)(2). The dearth of case citations in the BIA's opinion does not violate due process because the IJ cited numerous cases in her decision, which the BIA effectively adopted. *See Kataria v. INS*, 232 F.3d 1107, 1112 (9th Cir.2000).

The BIA did not abuse its discretion in declining to reopen petitioner's asylum and withholding claims because petitioner's own evidence suggests that conditions in Romania are improving. Petitioner thus failed to establish prima facie eligibility for relief on the basis of changed country conditions. *See Toufighi v. Mukasey*, 538 F.3d 988, 996 (9th Cir.2008); *Perez v. Mukasey*, 516 F.3d 770, 773 (9th Cir.2008). The IJ and the BIA could not have violated due process by failing to consider country conditions prior to 2005 because the IJ

specifically mentions evidentiary submissions discussing pre–2005 country conditions, and states that "[i]f country conditions have changed significantly since 1997, it appears to be in a favorable direction with a stronger and more tolerant society."

Substantial evidence supports the determination that petitioner is ineligible for NACARA relief because she admits arriving in the United States after the relevant cutoff date. *See Munoz v. Ashcroft*, 339 F.3d 950, 957 (9th Cir.2003). NACARA's cutoff dates do not violate due process or equal protection. *See Hernandez–Mezquita v. Ashcroft*, 293 F.3d 1161, 1163–65 (9th Cir.2002); *Jimenez–Angeles v. Ashcroft*, 291 F.3d 594, 603 (9th Cir.2002).

**DENIED.**

---

[\*\*] This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.